Joseph W. Vance and Lott E. Lawson, Appellants, v. Rosie Messer and Charles Messer, Appellees.

1. MECHANICS' LIENS—*variance from specifications.* Where a contractor has failed to construct a building in conformity with the specifications of the contract, a bill in chancery to enforce his lien will be dismissed for want of equity.

2. APPEALS AND ERRORS—*error not assigned in record.* Where no error is assigned in the record as to a certain action of the court, the question is not presented for review.

Appeal from the Circuit Court of Tazewell county; the HON. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

JAMES M. RICE and E. S. SMITH, for appellants.

RALPH DEMPSEY and W. R. CURRAN, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery to enforce a mechanic's

lien, filed in the Circuit Court of Tazewell County, by the appellants against the appellees. Divers amendments were made to the bill, and various interpleaders were filed therein. Upon the incoming of the answer of the appellees, and the replication to said answer, the cause was, on the 21st day of December, 1901, referred to a special master to take and report the proofs, together with his conclusions of law and fact thereon. Upon the filing of the master's report, and his conclusions and findings thereon, exceptions were filed thereto by both the appellants and appellees. The court overruled the exceptions of both parties, and rendered a decree dismissing the amended bill of appellants for want of equity, at their cost, and exceptions were preserved to the action of the court. A motion was made by appellants to set aside the order overruling appellants' exceptions to the master's report, and that the cause be set down for rehearing in open court, which motion was, by the court, denied, to which appellants excepted and perfected this appeal.

The parties filing the interpleaders above referred to took no appeal, but abided the decree.

The numerous errors assigned upon this record are largely based upon the findings of fact as set forth in the decree, and no good purpose can be accomplished by a discussion of all of them. The principal questions in the case may be considered under the errors assigned as "aa" and "bb," which are, the court erred in finding that appellants are not entitled to the relief prayed, and that the court erred in dismissing the bill for want of equity.

After a careful review of all of the evidence in the record, we find, from the contract, plans and specifications and such parts of the evidence as we deem admissible, that the construction placed upon the contract by the chancellor below was the proper one, and it is as follows:

"That on the 21st day of November, 1900, the com-

plaintants, Joseph W. Vance and Lott E. Lawson, part-
ners under the firm name of Vance & Lawson, entered
into a contract with the defendants, Rosie Messer and
Charles F. Messer, for the construction of the cement
work on a building to be situated on the following de-
scribed real estate, (here describing it fully,). That
in and by said contract the said complainants agreed
to do the work on said building according to the plans
and specifications, for which the defendants were to
pay the complainants the sum of Fifteen Hundred and
Fifty Dollars, (here setting out the provisions for the
three payments,) the work to be commenced immedi-
ately and the basement walls carried up at least six
(6) feet high before winter and the whole work to be
completed on or before the 15th day of May, 1901,
weather permitting. The court further finds that in
and by the specifications and contract the complain-
ants were to do all excavating necessary, as shown on
the plans, using the earth to fill in around foundation,
the concrete for footings and foundation walls to be
composed of atlas cement, sand, gravel, and crushed
stone, mixed in proper proportion to make a first-
class job; the crushed stone to be no larger than the
size of a walnut; the foundation to consist of a foot-
ing course thirty (30) inches by eighteen (18) inches,
one twenty-four (24) inches by twelve (12) and one
eighteen (18) inches by twelve (12) inches; the bal-
ance of the wall, seventeen (17) feet, more or less, to
be sixteen (16) inches thick, carried up to the proper
height so as to bring the first story joists twelve (12)
inches above the grade; two (2) cross walls seven (7)
feet eight (8) inches high and eight (8) inches thick,
to have footings twelve inches, were to be constructed;
all walls to have good bond and the contractor to
protect the same from the weather. The court fur-
ther finds that the defendants were to furnish the com-
plainants with the loan of floor joists to be used in
laying up and placing the walls, the complainants to
return the same in good condition, to be used for floor
joists. That by said specifications the first and sec-
ond story was to be laid up with litholite stone made
of atlas cement, sand and gravel, mixed in proper
proportions, the stones to be made with hollow air

spaces, and to be well bonded and anchored where necessary; the front of the building to be as shown by the design drawn and to have granite finish; sides and rear to have sand finish. The court further finds that by the plans made a part of said contract and specifications, it was provided that excavation was to be made to the depth of forty-two (42) inches below the existing surface of the ground where said buildings was to be located, and that the footings of the inner walls were to be twelve (12) inches below the then surface of the ground. The court further finds that by said plans in the construction of the said building that three (3) chimneys were to be constructed in the walls of said building, and that in the construction of said chimneys they were to be made larger than afforded by the thickness of the walls of said building, making off-sets in said walls.''

Thus it will be seen, from the plans and specifications, together with the contract, that the appellants were to construct the concrete work of the building, within a time specified, of good material and in a workmanlike manner, or, as recited in the contract, ''so as to make a first-class job.''

From the evidence in this case we find the appellants did not make the excavations provided for, but laid the foundation upon the surface of the ground, and that in the construction of the walls of the building they did not use a proportionately proper mixture of sand, gravel and cement; that they placed in the walls ''green'' blocks, some of which were taken fresh from the moulds on boards and laid in the walls; that the walls of the building were not straight and plumb, but there was a variation and leaning of the walls of from one to two and one-half inches; that the width of the building at the top was four and one-half inches greater than at the first floor; that the building was not anchored; that the flues were constructed in a different manner and were smaller than provided in the contract; that the cross walls and cement floors provided for in the contract were not constructed at all,

and that the foundation was not protected in the winter of 1900 by appellants, as provided in the contract, and that the building in settling left large cracks in all of the walls, except the front, some of which extended from the foundation to the roof. Many of these facts were controverted, but the evidence largely preponderates in favor of the above findings from this record.

The findings of the chancellor, as recited in the decree, and as to which appellants complain, are in strict conformity with the facts as shown by the record.

Great stress is laid upon the second assignment of error, viz., that the court failed to find the ownership of the real estate where the building in question was erected.

Under the view we entertain as to the facts in this case, no injury could accrue to appellant by reason of the failure to find as to the ownership of the property, if it did so fail.

Appellants complain at the action of the court in refusing to set down for rehearing, in open court, their objections to the report and findings of the master.

We fail to find in this record any error assigned by appellants as to this action of the court. Therefore, the question is not presented for review.

Finding no error in the findings and decree of the court, the decree is affirmed.

*Affirmed.*